## SPROGELL v. PHILADELPHIA LODGE OF PERFECTION 14°.

### No. 2614.

District Court, E. D. Pennsylvania.

Sept. 22, 1943.

Saul, Ewing, Remick & Harrison and Thomas P. Mikell, all of Philadelphia, Pa., for plaintiff.

James A. Walker and Albert T. Hanby, both of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is an action brought by the trustee in bankruptcy of the estate of Philadelphia Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite (hereinafter called Consistory) to recover from the Lodge of Perfection 14° (hereinafter called Lodge), the sum of $11,785.50, transferred by the Consistory to the Lodge on May 20, 1941, three days before filing its voluntary petition in bankruptcy. The basis of the action is the Bankruptcy Act of August 22, 1940, 11 U.S.C.A. § 107, sub. d(2), the relevant portion of which is as follows: "Every transfer made * * * within one year prior to the filing of a petition in bankruptcy * * * is fraudulent as to creditors existing at the time of such transfer * * * if made or incurred without fair consideration by a debtor who is * * * insolvent, without regard to his actual intent."

With respect thereto, are made the following findings of fact:

(1) The Philadelphia Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite is an unincorporated masonic association and is the official title of the Philadelphia Consistory; the other Scottish Rite bodies in Philadelphia, comprise the Lodge of Perfection 14th Degree (Lodge); deJoinville Council, Princes of Jerusalem, 16th Degree (Council) and Kilwinning Chapter of Rose Croix, 18th Degree (Chapter).

(2) The membership in the Consistory was generally identical with the three other subordinate lodges, to wit: the Lodge, the Council and the Chapter.

(3) The dues were $8 per year for each of the bodies, but payment of all dues in the higher body exempted the individual from payment of dues in the lower body that is, a member paying dues in the Consistory was exempt from the paying of ·any dues in the Lodge, Council or Chapter.

(4) Each body had its own by-laws and the secretary and treasurer of all of the bodies was the same individual.

(5) All dues were paid into the general fund of the Consistory, which funds were deposited in the Philadelphia National Bank under the account of "Bodies of the Ancient Accepted Scottish Rite in Philadelphia".

(6) The three subordinate bodies, the Lodge, Council and Chapter, had no assets other than furniture, and initiation and ceremonial paraphernalia.

(7) Bills incurred by any of the lower bodies were sent by the creditors to the Consistory, and in keeping the Consistory's accounts, all bills of all bodies went on the books of the Consistory as Accounts Payable, and were paid out of the general fund of the Consistory.

(8) Each body subordinate to the Consistory had separate by-laws in which the Consistory was designated as its fiscal agent, but in reality all funds were held by the Consistory as owner.

(9) Membership cards were issued when dues were paid and each card showed membership in the Consistory, with no reference to any of the three subordinate bodies. However, if in a rare instance an individual did not proceed through the various degrees to the Consistory, he was given a membership card in the particular subordinate body in which he was a member, his dues however thereafter going into the general fund of the Consistory.

(10) None of the three subordinate bodies, the Lodge, the Council or Chapter, had any bank accounts of their own.

(11) The meeting place for all of the bodies was supplied by the Consistory.

(12) The money in the account of "Bodies of the Ancient Accepted Scottish Rite in Philadelphia", the Consistory's checking account, included money for dues, initiation fees and other income. However, the

sum here in question was earmarked in the cash book as "Advance Dues".

(13) On May 20, 1941 the Consistory transferred the sum of $11,785.50, representing advance dues covering the fiscal year from May 30, 1941 to May 30, 1942, from its general checking account to the Lodge, which opened a new account therefor, never previously having had one.

## Conclusions of Law

(1) The fund here involved $11,785.50 was held in the Philadelphia National Bank by the Consistory, bankrupt, under an account designated "Bodies of the Ancient Accepted Scottish Rite in Philadelphia" as owner and not as "fiscal agent" or in any fiduciary capacity for any of the other subordinate bodies, to wit: the Lodge, Council and the Chapter.

(2) No consideration was given by the Lodge to the bankrupt in exchange for the $11,785.50, which it received.

(3) According to law and the facts the trustee should be awarded judgment in the sum of $11,785.50 with interest from May 20, 1941.

## Discussion

The contention of the trustee in bankruptcy here is that the fund involving $11,785.50, transferred by the bankrupt three days before the filing of its voluntary petition, were funds of the bankrupt and no consideration having passed in the transfer, under the Bankruptcy Act, it must be set aside. The transferee, the Lodge, contends that the Consistory held the fund as a fiduciary, in the capacity of fiscal agent for the three subordinate lodges, the Lodge, Council and the Chapter, and accordingly could transfer it to the Lodge without any consideration, inasmuch as it held the same as indicated as a fiduciary.

Upon an examination of the record which is somewhat complicated as to details, one is very definitely persuaded to the contention of the trustee, when all the various factors involved are considered, which have been hereinabove set out under findings of fact, and which would serve no good purpose by repetition. It can be readily seen that brushing aside technicalities, and having resort only to the realities that inhere in the situation, it must be concluded that this fund was held by the bankrupt as owner and hence no transfer could be made without a fair consideration. True, the by-laws recite that the Consistory is the fiscal agent for the subordinate bodies, yet in reality, in the actual practical conduct of the relationships existing between the lower bodies and the Consistory, such is not the case. Judge Kirkpatrick in a kindred case, involving the identical fund, stated as follows: "The relation of the Consistory to the subordinate bodies is described in the by-laws of the three organizations as that of their 'fiscal agent.' Some of the confusion existing in the minds of the claimants has evidently arisen from the use of this term. The Referee has found that, to whatever extent the Consistory may have been an agent in the technical sense, it took the funds turned over to it as owner, unimpressed by the obligations which would normally arise on a principal-agent relationship." In re Philadelphia Consistory Sublime Princes Royal Secret 32 Degree Ancient Accepted Scottish Rite, D.C., 49 F.Supp. 98, 99.

There was here an almost complete identity of membership, that is members of the subordinate bodies were all members of the Consistory; a membership card was issued in the name of the Philadelphia Consistory and one became exempt upon the payment of dues in the Consistory, from dues in any of the subordinate bodies, leaving in reality the three subordinate bodies as merely stepping stones to the main objective, membership in the Consistory. From the identity in membership alone it can be seen that the real purpose in becoming affiliated with the body, was to achieve membership in the Consistory, there being no complete finality in any of the subordinate bodies as evidenced by their lack of funds, payment of any expenses incurred by them being paid out of the general fund of the Consistory. To be realistic, and not technical to permit this transfer to the Lodge to stand, one must honestly say, would be to permit membership in one association to transfer funds to the same membership under a different name to the detriment of their bona fide creditors.

Accordingly, judgment is to be entered for the plaintiff in the sum of $11,785.50 with interest from May 20, 1941.